IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Heyward McCrea, | C/A No. 0:15-4018-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| S.C. Department of Corrections; Mr. Willie L. Eagleton, *Warden of Evans Correctional*; Mr. J. Bethea, *Evans Correctional Institution Classification*; Lt. Miles, *SMU-RHU Supervisor of Evans C.I.*; Mr. B. Stirling, *Director, South Carolina Department of Corrections*, | |
| Defendants. | |

The plaintiff, Heyward McCrea, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Evans Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff indicates that Defendant Mr. J. Bethea directed Plaintiff's transfer to a cell in the Special Management Unit ("SMU") at Evans Correctional Institution on August 21, 2015. (ECF No. 1 at 3.) Prior to entering the SMU cell, an inmate allegedly made abusive and threatening statements to Plaintiff based on his sexual orientation. (Id.) Plaintiff refused to enter the cell and Defendant Lt. Miles allegedly directed Plaintiff's placement in the cell by correctional officers. (Id.) Plaintiff indicates that he was assaulted by the other inmate three times between August 21, 2015

and August 25, 2015.  (Id. at 3-4.)  Plaintiff claims that he sought protective custody three times, but staff did not take his claims seriously.  (Id. at 4.)  Grievance forms attached to the Complaint indicate that Plaintiff was physically harmed by the other inmate and that Plaintiff sent request forms to the Warden, Defendant Mr. Willie L. Eagleton, about the incident.  (ECF No. 1-1 at 1-4.)  Plaintiff provides no factual allegations in the Complaint against Defendant Mr. B. Stirling.  Plaintiff seeks monetary damages in this case.  (ECF No. 1 at 5.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges that the defendants were deliberately indifferent to Plaintiff's safety in violation of his rights under the Eighth Amendment of the United States Constitution. While Plaintiff states a potentially cognizable claim under § 1983, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted because he has not complied with the statutory prerequisites to file suit.

**1.     Failure to Exhaust Administrative Remedies—All Defendants**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

PJG

they allege excessive force or some other wrong."[2] Porter v. Nussle, 534 U.S. 516, 532 (2002). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. See Corey v. Daniels, No. 15-6707, 2015 WL 5812918, at *1 (4th Cir. Oct. 6, 2015) ("A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant, if the 'failure to exhaust is apparent from the face of the complaint,' and the inmate is provided an opportunity to respond on the exhaustion issue.") (quoting Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005))[3]; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

In this case, Plaintiff alleges that the events giving rise to the Complaint occurred between the dates of August 21, 2015 and August 25, 2015. (ECF No. 1 at 3-4.) Plaintiff submitted a Step One Grievance about the matters raised in this action on August 26, 2015 and indicates that he had not yet received a final answer regarding this Grievance on September 23, 2015, when Plaintiff

---

[2] Plaintiff does not allege that he is currently in any imminent danger. However, the court notes that such an allegation would not excuse his failure to exhaust administrative remedies in this case. See Duckett v. Fuller, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (holding that a "plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger") (citing Yisrael v. Whitener, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-cv-3244-DCN, 2014 WL 4700219, at *4 (D.S.C. Sept. 19, 2014) (adopting Report and Recommendation finding that fear of retaliation did not excuse the exhaustion requirement); Reynolds v. Stouffer, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (holding that the PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases).

[3] The court notes that this Report and Recommendation provides notice to Plaintiff of his right to file objections to the court's recommendations in this case.



signed the Complaint. (ECF No. 1 at 2, 5; ECF No. 1-1 at 1.) As it is clear from the face of the Complaint that Plaintiff filed the instant case prematurely, prior to exhaustion of his administrative remedies, Plaintiff's § 1983 claims are subject to summary dismissal as to all defendants in this case.

### 2.  Failure to Assert Personal Involvement—Stirling

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570 (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not mention Defendant Stirling in the body of the Complaint or provide any indication that this defendant was personally involved in the alleged violation of Plaintiff's constitutional rights. Thus, Defendant Stirling is entitled to summary dismissal in any event.

### 3.  Eleventh Amendment Immunity—SC Department of Corrections

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity



extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[4] Therefore, Plaintiff's claims against the South Carolina Department of Corrections are barred by the Eleventh Amendment and this defendant is also entitled to summary dismissal from this case.

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

October 8, 2015                                                       Paige J. Gossett
Columbia, South Carolina                                    UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).